Hermelo Vasquez MATEO; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73180.

Agency Nos. A76–357–033, A76–357–034, A76–357–035, A76–357–036, A76–357–037.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

David B. Gardner, Esq., Law Offices of David B. Gardner, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Hermelo Vasquez Mateo, his wife Jacinta Maria Cruz Garcia, and their three children, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the denial of their application for cancellation of removal and

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

motion to reopen proceedings based on new evidence. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *INS v. Doherty,* 502 U.S. 314, 323–34, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). We deny the petition for review.

Contrary to the petitioners' contention, the BIA did not err by denying the motion to reconsider because its interpretation of the exceptional and extremely unusual hardship standard found in 8 U.S.C. § 1229b(b) fell within the broad range of acceptable interpretations. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 (9th Cir.2003).

The BIA did not abuse its discretion by denying the petitioners' motion to reopen because the BIA considered the additional evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

The petitioners' contention that their due process rights were violated because a single member of the BIA issued the decision is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir. 2003).

PETITION FOR REVIEW DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.